No. 09-0514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| In re: TYSON FOODS, INC.; TYSON FRESH MEATS, INC., | ) ) ) ) ) |
| Petitioners | |

O R D E R

```
                    FILED
                  Mar 24, 2010
                LEONARD GREEN, Clerk
```

Before: KEITH, CLAY, and KETHLEDGE, Circuit Judges.

The plaintiffs are hourly workers in a Tennessee meat-packing facility. They sued their employers, Tyson Foods, Inc. and Tyson Fresh Meats, Inc., for violations of the Fair Labor Standards Act ("FLSA"), for breach of their employment contracts, and for violations of the Tennessee Wage Regulations. The district court concluded that a collective action was appropriate under the FLSA and also certified a plaintiff class under Fed. R. Civ. P. 23 as to the state claims. The Tyson defendants now petition under Rule 23(f) for immediate appeal of the class certification of the state claims. The plaintiffs oppose the petition for appeal.

Fed. R. Civ. P. 23(f) provides that the "court of appeals may permit an appeal from an order granting or denying class-action certification . . . ." *See also Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006). The certiorari-like discretion of Rule 23(f) allows the appeals court to consider any relevant factor. *See* Rule 23(f) advisory committee notes. We recognize a "broad discretion to grant or deny a Rule 23(f) petition" and that "any pertinent factor may be weighed in the exercise of that discretion." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002), *cert. denied*, 539 U.S. 904 (2003). *In re Delta* cautioned "the Rule 23(f) appeal is never to be routine." *Id*.

No. 09-0514
- 2 -

Notwithstanding the issues that the Tyson defendants suggest are presented, we are not convinced that this case is appropriate for immediate review. It does not appear that this is a case in which "the class certification decision essentially tells the tale of the litigation . . . ." *Id*. at 960. The defendants' assertions of a death-knell effect in this case are only general in nature. Further, the posture of the case is such that the litigation will proceed as a collective action on the FSLA claims regardless of any appeal. The district court has indicated that it will revisit the certification and/or the need for subclasses, if necessary. In view of the district court's opinion, this appears to be an "ordinary case[], which involve[s] the application of well-established standards to the facts of a particular case." *Id*. at 959-60 (citations omitted).

Therefore, the petition for permission to appeal the class-certification decision is **DENIED**.

ENTERED BY ORDER OF THE COURT

*[signature]*

_____
Clerk