IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Abadeer, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action: 3-09-00125 |
| ) | Judge Haynes |
| Tyson Foods Inc. and Tyson Fresh Meats, Inc., ) | |
| ) | |
| Defendants. ) | |

*[handwritten notation: GRANTED, signed 6-28-10]*

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND EQUITABLE TOLLING OF PUTATIVE PLAINTIFFS' STATUTE OF LIMITATIONS

Defendants, Tyson Foods, Inc., and Tyson Fresh Meats, Inc. ("Defendants"), hereby move the Court for permission to file the attached Sur-reply to Plaintiffs' Reply Memorandum in Response to Defendants' Opposition to Plaintiffs' Motion to Extend Equitable Tolling of Putative Plaintiffs' Statute of Limitations (the "Sur-reply") to address issues that Plaintiffs raise for the first time in their Reply Memorandum in Response to Defendants' Opposition to Plaintiffs' Motion to Extend Equitable Tolling of Putative Plaintiffs' Statute of Limitations (Dkt. No. 144) (the "Reply"). In particular, Plaintiffs argue for the first time that the five-factor test the Sixth Circuit generally applies to determine whether equitable tolling should apply to the statute of limitations of *existing* plaintiffs' claims also is relevant to a determination of whether to toll the statute of limitations for the claims of *putative* plaintiffs. In support of their argument, Plaintiffs incorrectly argue that *Roslies-Perez v. Superior Forestry Service*, 652 F. Supp. 2d 887 (M.D. Tenn. 2009), a case not discussed in their original motion (Dkt. No. 136) and memorandum in support (Dkt. No. 137) or Defendants' Response, held that a court should apply

1