IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HANAA ABADEER., et al., | ) |
| | ) |
| Plaintiffs, | ) NO. 3:09-00125 |
| | ) JUDGE HAYNES |
| v. | ) |
| | ) |
| TYSON FOODS, INC., and TYSON | ) |
| FRESH MEATS, INC., | ) |
| | ) |
| Defendants. | ) |

### **O R D E R**

Upon review of the Court's Memorandum of November 25, 2009 (Docket Entry No. 119), the Court found typographical errors on pages 22 and 23 of the Memorandum. The Court's Memorandum is modified so as to reflect the corrections on the attached pages.

It is so **ORDERED**.

**ENTERED** this the 27th day of September, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

### b. Conclusions of Law

Under the FLSA, the issues for certification under Section 216(b) are two-fold: are the employees similarly situated and all plaintiffs reflect their written consent to participate in the action. Comer v. Wal-Mart Inc., 454 F.3d 544, 546 (6th Cir. 2006). The similarly situated determination is made at the first stage of certification and again after 'all of the opt-in-forms have been received and discovery has concluded.'" Id. (citations omitted). Similarly situated does not require that the workers' circumstances be identical. Id. at 547. FLSA's procedure for collective adjudication is intended "to serve the interests of judicial economy through resolution in a single proceeding of claims stemming from common issues of law and fact." Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

As to Section 216 certification, based upon a review of the complaint, the parties' affidavits and proof of Tyson's employment and wage practices, as well as the certified collective FLSA action in Jordan, the Court concludes that a sufficient showing has been made of a sufficient number of similarly situated Tyson employees to certify the action under Section 216(b). See Rosiles-Perez v. Superior Forestry Services, Inc., 250 F. R. D. 352 (M.D. Tenn. 2008); Belcher v. Shoney's, Inc., 927 F. Supp. 251 (M. D. Tenn.1996). Thus, the Court directs the Plaintiffs' counsel to prepare an appropriate notice to such employees to inform them of their rights to elect to opt-in as a party plaintiff in this FLSA action.

For the reasons stated above, Plaintiffs' motions for FLSA under Section 216(b) and class certification under Rule 23(b) (Docket Entry Nos. 55 and 88) should be granted.

### c. Plaintiffs' Motion for a Protective Order

As to this motion, the Court concludes that the motion for a protective order (Docket Entry No. 99) should be granted. Each party may select eight (8) named Plaintiffs for discovery,

22

including depositions. See <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 684 (1946) (seven employees' testimony on behalf of others similarly situated sufficient for FLSA collective action). The Court also concludes that Plaintiffs must produce responsive documents for the designated Plaintiffs before any deposition of those Plaintiffs.

An appropriate Order is filed herewith.

**ENTERED** the \_\_\_\_ day of November, 2009.

_____
WILLIAM J. HAYNES, JR.
United States District Judge