IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HANAA B. ABADEER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 3:09-0125 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| TYSON FOODS, INC., and TYSON | ) | |
| FRESH MEATS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiffs filed this collective action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) against the Defendants: Tyson Foods, Inc., and Tyson Fresh Meats, Inc., Plaintiffs' current or former employers. Plaintiffs allege that the Defendants failed to pay them their agreed wages for all hours of their work in violation of the FLSA, including nonpayment for work that is required to be performed on the Defendants' work site. In addition to their FLSA claims, Plaintiffs also assert state common law claims for breach of contract and state statutory claims under Tennessee Wage Regulations, Tenn. Code Ann. § 50-2-101(b).

Before the Court is the Plaintiffs' motion to extend equitable tolling of the putative Plaintiffs' statute of limitations (Docket Entry No. 136). Plaintiffs seek tolling of the FLSA limitation period until the date of the Court's Order on the form of collective action notice (the "Notice"). In response, Defendants contend that equitable tolling is limited to unfair unjust circumstances beyond Plaintiffs' control. In their motion, Defendants argue that Plaintiffs failed to provide evidence that the putative plaintiffs have diligently pursued their rights or were prevented from joining this action because of "extraordinary circumstances." Defendants note that over 500 employees have joined this action since the filing of the original complaint and

1

fourteen (14) individuals joined after the Court granted conditional certification of the collective action.

## A. Review of the Record

On February 6, 2009, 278 named Plaintiffs filed this action with consent forms seeking to represent a nationwide collective action for unpaid compensation on behalf of all current and former non-exempt employees at Defendants' Goodlettsville, Tennessee facility. (Docket Entry No. 1). On March 13, 2009, in Plaintiffs' first amended complaint, 217 additional named Plaintiffs joined with executed consent forms. (Docket Entry No. 13, Exhibit A). On April 28, 2009, an additional 49 individuals joined. (Docket Entry No. 33). Plaintiffs moved to file a second amended complaint (Docket Entry No. 34) that the Court granted on April 30, 2009. (Docket Entry No. 36).

On May 1, 2009, the day before the initial case management conference, Plaintiffs filed a motion for expedited court-supervised notice and conditional certification of their Fair Labor Standards Act ("FLSA") claims under § 216(b) of the FLSA. (Docket Entry No. 39). At the initial case management conference, the Court denied Plaintiffs' motion to conditionally certify their FLSA claims as a collective action and granted Defendants' request to conduct limited discovery on Plaintiffs' motion to conditionally certify. The Court, however, tolled the statute of limitations for putative plaintiffs from May 6, 2009 until the Court's ruling on the Plaintiffs' motion to certify the collective action. (Docket Entry No. 45 at 13). The Court stated that Plaintiffs could re-file their motion for notice and conditional certification of their FLSA claims after limited discovery. Id. at 11. Before the Court's ruling on Plaintiffs' motion to proceed as a collective action, an additional 53 opted-in as plaintiffs. (Docket Entry No. 47, May 21, 2009; Docket Entry No. 54, July 22, 2009; and Docket Entry No. 70, September 1, 2009).

On November 25, 2009, the Court issued its Order granting Plaintiffs' motion for certification of a collective action under section 216(b) of the FLSA and ending the tolling period on the statue of limitations. (Docket Entry No. 120). As directed by the Court, on December 8, 2009 Plaintiffs filed a proposed form of notice for potential collective action members (Docket Entry No. 121) and on December 11, 2009, Defendants filed a response to Plaintiffs' proposed notice that objected to portions of that proposed notice. (Docket Entry No. 122) yielding Plaintiffs' reply on January 4, 2010. (Docket Entry No. 125). In the interim, Defendants filed a petition with the Sixth Circuit seeking permission to appeal the Court's November 25, 2009 Order that the Sixth Circuit denied on March 24, 2010. (Docket Entry No. 132). The Court approved Plaintiffs' proposed notice form.

### B. Conclusions of Law

"[E]quitable tolling relief should be granted only sparingly." Irwin v. Dep't. of Veterans Affairs, 498 U.S. 89, 90 (1990); Amini v. Overlin Coll., F.3d 493, 500 (6th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In Roslies-Perez v. Superior Forestry Service, Inc., 652 F. Supp. 2d 887 (M.D. Tenn. 2009) this Court found as follows:

> In a FLSA collective action, the statute of limitations continues to run for each Plaintiff until her or she files written consent to join the action. 29 U.S.C. § 256(b); Baden-Winterwood v. Life Time Fitness, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007). Yet, this statute "establishes only a procedural limitations period." Ott v. Midland-Ross Corp., 523 F.2d 1367, 1370 (6th Cir. 1975), that is subject to equitable tolling, waiver and estoppel. Id., accord E.E.O.C v. Kentucky State Police Dep't., 80 F.3d 1086, 1095 (6th Cir. 1996) (the doctrine of equitable tolling is read into every federal statute). The equitable tolling doctrine "permits courts to extend the statute of limitations on a case-by-cases basis to prevent inequity."

> Baden-Winterwood, 484 F. Supp. 2d at 826 (citing Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)).
>
> The Sixth Circuit lists five factors to consider on equitable tolling: (1) whether the plaintiffs lack actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs remaining ignorant of their rights. Kentucky State Police, 80 F.3d at 1094; Baden-Winterwood, 484 F. Supp. 2d at 826-27 (equitably tolling FLSA statute of limitations). This list is neither exclusive nor mandatory. Dixon v. Gonzales, 481 F.3d 324, 331 (6th Cir. 2007); see Hasken v. City of Louisville, 234 F. Supp. 2d 688, 692 (2002) (list not "comprehensive"). Equitable tolling has been found where three of the five factors were not satisfied. See Dixon, 481 F.3d at 331.

Id. at 898, 899. Here, given that the members of this collective action are low wage workers, members of this group who opted in had the assistance of counsel, and the necessity of time for the Court's rulings, the Court deems tolling appropriate. The Defendants are not prejudiced given their opposition to certification and the Defendants' disputes about the appropriate notice form as well as the Defendants' appeal of the Order certifying this action.

Moreover, as to whether the period of time for approval of an appropriate notice is subject to tolling, in Baden-Winterwood v. Life Time Fitness, 484 F. Supp. 2d 822 (S.D. Ohio, 2007) the district court found:

> The text of FLSA demonstrates that Congress chose to provide an opt-in mechanism which necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form. The fact that a potential opt-in plaintiff first has to be notified of his or her eligibility to participate before he or she can file a consent form explains the lapsed time. While the language of the statute may not consider equitable tolling, Congress did not explicitly remove from this Court, its equitable power to toll the FLSA's statute of limitations. Rather, the equitable tolling doctrine is read into every federal statute.
>
> * * *
>
> The Sixth Circuit has emphasized that the "[a]bsence of prejudice [to defendant] is a factor to be considered only after a factor that might justify tolling is identified." Allen 366 F.3d at 401 (quoting Vroman, 346 F.3d at 605).

4

* * *

... Defendant advised its current employees at that time "that in the not-too-distinct future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." (Doc # 46 at 16.) Thus, Defendant contends that Plaintiffs should have started to inquire at that point about their legal rights. . . .In other words, Defendant induced Plaintiffs into reasonably believing that they could and should wait until they received notice of their eligibility before they inquired about and potentially pursued their legal FLSA rights. Thus, as a result of Defendant's instructions, it was entirely reasonable for Plaintiffs to remain ignorant of the fact that the viability of their claims hinged upon filing their consent forms.

* * *

... [T]he Sixth Circuit in an unpublished decision has recognized that the mere existence of the FLSA statute provides plaintiffs with constructive notice of their rights under the FLSA and the filing deadlines. Archer v. Sullivan County Tenn., 129 F.3d 1263, 1997 WL 720406 at *4 (6th Cir. 1997). Moreover, Black's Law Dictionary (8th ed. 2004) defines constructive knowledge "as knowledge that one using reasonable care or diligence should have." At the March 1, 2006 meeting, the then current employees were only informed of the FLSA lawsuit, and were also told, "in the not-too-distant future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." (Doc. # 46 at 16.) In light of Defendant's actions at this meeting, it could be reasonable, even with knowledge of the FLSA, for Plaintiffs to have waited for notice before they investigated the procedural requirements of participation.

* * *

.... **Plaintiffs lost time in pursuing their rights because both parties' inability to reach an agreement on how to best provide notice to potential plaintiffs. This dispute caused this Court to become involved in drafting the notice provision. (Doc. # 44-1 at 1.) Thus, the time that plaintiffs lost pursuing their rights was not a result of a lack of diligence on their part. Rather, Plaintiffs' action indicate that they were diligent.**

* * *

**[T]he statute of limitations [shall] be tolled from February 24, 2006, the date on which discussions regarding the notice provision began, until August 2, 2006, when this Court ruled on the notice motion.**

Id. at 826, 827, 828, 829 (emphasis added).

In Summa v. Hofstra University, 715 F. Supp. 2d 378 (E.D.N.Y. 2010), in a FLSA collective action, the district court found tolling appropriate for the time necessary to decide upon the requisite notice provisions for opt ins.

> Unlike a class action brought pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), the FLSA requires that after receiving such notice, potential plaintiffs who seek to join the collective action must affirmatively opt-in by filing a written consent in order "to be bound by the judgment (and to benefit from it)."... (citations omitted).

Id. at 385. In Lee v. ABC Carpet & Home, 236 F.R.D. 193, 200 (S.D.N.Y. 2006), the district court allowed tolling for the time necessary to decide pretrial motions, including a certification motion under the FLSA.

Here, based upon the authorities cited, the Court concludes that the equitable tolling should extend here 120 days from the date of the Court's approval of Plaintiffs' requested notice for opting in. To this extent, Plaintiffs' motion should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of December, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge