UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| HANAA B. ABADEER, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | No. 3:09-cv-00125 |
| v. | ) | |
| | ) | Judge Sharp |
| TYSON FOODS, INC., et al., | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the discussion at the final pretrial conference held on March 31, 2014, the Court confirms the following rulings:

(1) Plaintiffs' motion *in limine* No. 1 to exclude testimony from and evidence related to *Jordan* plaintiffs who: (1) are not class members in this case; or (2) have no claims for damages in this case as a result of the settlement in *Jordan*, (Docket No. 327), is hereby GRANTED except as to *Jordan* plaintiffs who worked at the Goodlettsville facility during the *Abadeer* limitations period. Testimony elicited from such witnesses is, of course, subject to impeachment and other legitimate cross-examination purposes, and may open the door to issues related to the *Jordan* litigation.

(2) A ruling on Plaintiffs' motion *in limine* No. 2 to exclude January 2014 videotapes, (Docket No. 325), is hereby RESERVED.

(3) A ruling on Plaintiffs' motion *in limine* No. 3 to exclude evidence of Plaintiffs' criminal backgrounds, (Docket No. 311), is hereby RESERVED. In addition to complying with

1

the applicable evidentiary rules, counsel will be required to notify the Court and opposing counsel before questioning a witness about prior criminal conduct.

(4) A ruling on Plaintiffs' motion *in limine* No. 4 to preclude Defendants from introducing evidence regarding Plaintiffs' involvement in other lawsuits, (Docket No. 314), is hereby RESERVED.

(5) Plaintiffs' motion *in limine* No. 5 to exclude "Rule 1006 Summary" exhibits and testimony related to these exhibits analyzing differences between Plaintiffs' actual clock-in time and pay start time, (Docket No. 316), is hereby GRANTED to the extent the exhibits or testimony opine as to the data's meaning, including conclusions or inferences drawn from it; however, the Court will permit raw data and basic calculations using that data in summary charts. Counsel is instructed to show any such summary chart to the Court and opposing counsel before publishing it to the jury.

(6) The Court resolves Plaintiffs' omnibus motion *in limine* No. 6, (Docket No. 319), as follows. The part of the motion that pertains to exclusion of:

    (a) evidence concerning Plaintiffs' or other class members' failure to complain about non-payment is hereby GRANTED;

    (b) the calling of any witness that Defendants refuse to produce in Plaintiffs' case-in-chief is hereby DENIED;

    (c) all non-party witnesses (except expert witnesses) from the courtroom at all times other than when they are called to testify is hereby GRANTED;

    (d) references to attorneys' fees or cost of litigation is hereby GRANTED;

(e) references to the opt-in process and to the circumstances surrounding Plaintiffs' attorney-client relationship is hereby DENIED as to questions or evidence regarding the opt-in process but GRANTED as to questions or evidence regarding the circumstances surrounding Plaintiffs' attorney-client relationship;

(f) argument or evidence concerning procedural requirements for class certification is hereby DENIED; and

(g) references to jury verdicts, summary-judgment rulings, and other court orders in unrelated cases is hereby GRANTED.

(7) The Court resolves Defendants' omnibus motion *in limine* to exclude certain evidence or arguments, (Docket No. 301), as follows. The part of the motion that pertains to exclusion of:

(a) evidence of or relating to *Jordan v. IBP, Inc.*, and the settlement of that lawsuit is hereby GRANTED except to the extent that Tyson opens the door to it;

(b) evidence or argument related to the Court's summary-judgment ruling or any other prior rulings in this case is hereby GRANTED except that the Court will inform the jury of its prior rulings to the extent necessary;

(c) evidence of or relating to other Tyson lawsuits or settlements is hereby GRANTED;

(d) evidence relating to the pay practices and meal-period lengths at Tyson's other processing facilities is hereby GRANTED;

(e) all evidence that relates solely to claims on which the Court already has granted summary judgment or that Tyson has withdrawn is hereby RESERVED;

(f) evidence related to the Defendants' never implemented "Punch to Punch" plan is hereby DENIED;

(g) evidence regarding alleged deprivation of restroom usage during production time is hereby GRANTED;

(h) Plaintiffs' testimony about the results of any timings of their pre- and post-shift and meal-period activities if such results were memorialized but not disclosed during discovery is hereby GRANTED;

(i) any reference to Tyson's financial condition, financial analysis, and the comparative or absolute economic status of the parties is hereby GRANTED;

(j) evidence characterizing jobs at the Goodlettsville facility as low-paying or any other attempt to compare the hourly rates or wages at the Goodlettsville plant to other employers or workforces is hereby DENIED; and

(k) evidence of or relating to the immigrant workforce population, employee immigration status, or immigration investigations at Tyson or other meat processing facilities is hereby RESERVED.

(8) Defendants' motion *in limine* to preclude Plaintiffs from presenting to the jury certain damages evidence or arguments, (Docket No. 303), is hereby GRANTED.

(9) Plaintiffs' motion for a preliminary statement, (Docket No. 365), is DENIED. Absent a joint statement, which the parties may still submit before trial, the Court will provide the jury with minimal background information to contextualize the case.

(10) The Court will determine Plaintiffs' entitlement to prejudgment interest, including the rate of interest and the date from which it accrues, in the damages phase of the trial. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 929 n.8 (Tenn. 1998).

(11) A ruling on Tyson's motion to decertify the Rule 23 and FLSA classes, (Docket No. 324), is hereby RESERVED.

(12) The Court will issue an order resolving the pending motions related to Plaintiffs' meal-period claim, (Docket Nos. 284, 286, & 300), before trial.

(13) Trial will commence on Tuesday, April 15, 2014, at 9:00 a.m. and is expected to take fifteen days.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE