# EXHIBIT B
# Part 1

[NAME]
[ADDRESS]
[CITY, STATE ZIP]
[Personnel No. ]
[Ref. No. ]
[SSN]

**NOTICE TO RULE 23 CLASS AND FLSA OPT-INS OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT AND FAIRNESS HEARING**

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**

**If you are a current or former hourly employee of Tyson Foods' Goodlettsville Tennessee Plant, you may be entitled to a payment from a class action lawsuit.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

This notice pertains to any individual who was employed as an hourly worker at Tyson's Goodlettsville, Tennessee Plant since April 30, 2003 who was hired on or before February 25, 2014 and was paid pursuant to Tyson's Alternative Time and Attendance System ("Covered Positions") and to any individual who timely opted into the Fair Labor Standards Act ("FLSA") portion of this lawsuit. Current and former Tyson employees in Covered Positions sued Tyson Foods, Inc. and Tyson Fresh Meats, Inc. ("Tyson" or "Defendants") to recover unpaid wages, including overtime pay, for Tyson's alleged failure to properly compensate its employees for work performed prior to the beginning of their scheduled Pay Start Time; work performed at the beginning and end of the 30 minute unpaid meal period; and prior to January 2009, work performed after they clocked out at the end of their shifts. The employees filed the lawsuit as a Rule 23 class-action under Tennessee breach of contract law ("Rule 23 class claim") and collective-action under the FLSA. Tyson denies these allegations, and maintains that its employees in Covered Positions were properly compensated at all times.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you choose to participate in the settlement, you do not have to do anything. Once the settlement is approved by the Court and becomes final, you will receive a Claim Form that you must complete and return to receive your portion of the Rule 23 class claim settlement amount. You will not have to complete any forms to receive your FLSA payment, if eligible. However, if you are a former employee, you should complete and return the enclosed W-4 form. |
| **EXCLUDE YOURSELF** | Get no payment for your Rule 23 class claim. If you worked for Tyson in a Covered Position, this is the option that allows you to bring your own state law wage and hour lawsuit against Tyson for unpaid wages. See Paragraph 10 for instructions on how to exclude yourself from the case and settlement. If enough people exclude themselves, Tyson has the right to cancel the Agreement. |
| **OBJECT** | Write to the Court about why you believe the settlement is unfair or unreasonable. If the Court rejects your objection you will still be bound by the terms of the settlement. You will not be bound by the Rule 23 class claim settlement if you opt-out of that portion of the action as described herein. If you object you may appear at the Fairness Hearing to speak to the Court about the fairness of the settlement. |

QUESTIONS? CONTACT THE HEFFLER GROUP BY PHONE AT 1-844-245-3773

1

Your rights and options – and the deadlines to exercise them – are explained in this notice. The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made to those eligible if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

Tyson's records show that you may have worked in a Covered Position, as defined above, at Tyson's Goodlettsville plant between April 30, 2003 and May 25, 2014 and that you were hired on or before February 25, 2104. The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are heard, payments will be automatically mailed to the FLSA Opt-in plaintiffs, if eligible, and mailed to Rule 23 class claim members who timely complete a Claim Form, if eligible, and who do not exclude themselves. You are an "FLSA Opt-in Plaintiff."

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available. The Court overseeing this case is the United States District Court for the Middle District of Tennessee. This lawsuit is known as *Hanaa Abadeer, et al. v. Tyson Foods, Inc. and Tyson Fresh Meats, Inc*., Civil Action: 3-09-00125. The people who filed the lawsuit are called the "Plaintiffs." Tyson Foods, Inc. and Tyson Fresh Meats, Inc. are called "Defendants."

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants failed to pay Plaintiffs and other similarly situated employees overtime pay for hours worked over 40 in a workweek, in violation of the FLSA, and for hours worked under 40 hours in a workweek in breach of their employment contracts under Tennessee state law. There are approximately 6,857 class members covered by the Rule 23 breach of contract claim ("Rule 23 class claim"). 1,508 of these Rule 23 class members, including you, also timely opted into the FLSA portion of the lawsuit. Defendants deny the existence of a contract and further deny that they did anything wrong under the FLSA.

### 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims. The people together are a "Class" or "Class Members." One court resolves the issues for everyone in the Class— except for those who choose to exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not issue a final judgment in favor of Plaintiffs or Defendants. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the parties have concluded that it is in their best interests to resolve and settle the action by entering into a settlement agreement. Accordingly, the employees who filed the suit and Tyson have settled. Tyson has agreed to deposit $7,750,000.00 into a fund that will be used to pay current and former employees who worked in Covered Positions who qualify for a settlement payment, as well as to pay attorneys' fees, service awards, litigation costs, and the expenses of administering the settlement. Under the allocation formula created by the settlement, $1,201,567.73 will be allocated to the Rule 23 class claim; $3,495,695.23 will be allocated to the FLSA claim; $2,583,333.33 will be allocated to payment of plaintiffs' attorneys' fees; $98.000.00 will be allocated to service awards; and $371,403.71 will be

allocated to reimbursement of plaintiffs' out of pocket expenses and the expenses associated with administering the settlement agreement. Both sides believe they would have prevailed in the case, but there was no final decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

You are automatically a member of the Rule 23 claim Class if you worked for Tyson in a Covered Position, as defined above, at any time since April 30, 2003 and if you were hired on or before February 25, 2014. However, you will only receive settlement monies associated with the Rule 23 class claim if you submit a Claim Form to the Settlement Administrator and you worked in a Covered Position during the recovery period. The Claim Form will be mailed to all Rule 23 Class members at a later date if the Court approves this settlement agreement and once the settlement is final.

Only those current and former employees who affirmatively opted-in to the FLSA collective action on or before April 8, 2014, pursuant to the Court's deadline, are part of the FLSA portion of the settlement. **You timely opted-in to the FLSA portion of the case by the deadline. Accordingly, you will receive settlement monies allocated to the FLSA claim as long as you occupied a Covered Position during the FLSA recovery period.**

### 6. I am still not sure if I am included.

If you are still not sure whether you are included in the Rule 23 Class and/or the FLSA class, you can ask for free help. You can contact the Settlement Administrator, The Heffler Group, at the phone number listed below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Tyson has agreed to deposit $7,750,000.00 into a fund to be divided among current and former employees who are covered by the settlement. The settlement fund shall cover payments to Class Counsel for attorneys' fees and expenses, payments to Plaintiffs for their service to the Class, and the costs of administrating the settlement. The remaining amount shall be divided among Class Members based on: (1) the number of weeks they worked for Tyson during the relevant liability periods; (2) whether they opted into the FLSA lawsuit by April 8, 2014; and (3) whether they timely complete a Rule 23 Claim Form (to be mailed to all class members at a later date).

The net settlement amount allocated to the FLSA claim (after all fees, expenses and service awards are paid) is $3,495,695.23and the net settlement amount allocated to the Rule 23 class claim is $1,201,567.73. The Class Representatives and Class Counsel determined that these allocations were fair after considering a number of factors including risk of decertification of the claims, litigation risk at trial and on appeal, the contested nature of plaintiffs' breach of contract and meal period claim, the Court's order excluding plaintiffs from presenting evidence of state law damages for hours of work in excess of 40 hours in a workweek, the uncertainty regarding the rate of pre-judgment interest on the Rule 23 class claim, and, conversely, the settled nature in this case of the FLSA pre-shift and post-shift claims, the Court's earlier award of liquidated damages and a three year recovery period on the FLSA claims, as well as the tolling awards on the FLSA claims.

Based on Tyson's Pay and Punch data, since April 30, 2003, you worked in a Covered Position

from [date] to [date] for a total number of _____ weeks in the Rule 23 class claim recovery period.[1] Your payment amount on this claim will depend on how many class members complete Claim Forms discussed in paragraph 8 below.

Based on Tyson's Pay and Punch data, since the start of your FLSA recovery period, which is 3 years prior to the date that your consent was filed in Court plus any applicable tolling, you worked in a Covered Position from [date] to [date] for a total number of ___ weeks in the FLSA recovery period. The last possible date of the recovery period for both claims is May 25, 2014. For those Rule 23 class members, including you, who timely complete a Claim Form, 90% of the settlement monies allocated to the Rule 23 class claim will be classified as backpay and reported to the IRS for tax purposes on a W-2 form, while the remaining 10% of the monies will be designated as interest and reported to the IRS for tax purposes on a 1099 form. One half of your FLSA monies will be allocated as backpay and you will receive a W-2 form for the backpay. The other half of your FLSA monies will be reported as liquidated damages and you will receive a 1099 form for that portion of the payment. Neither Class Counsel nor Tyson makes any representations concerning tax consequences of this settlement, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

**If you dispute the number of weeks assigned to you, you must provide documentation to the Settlement Administrator at the address listed in paragraph 10 by [30 days from date of mailing]. If you agree with the weeks assigned, you need not do anything at this time.**

## HOW TO GET A RULE 23 CLASS CLAIM AND FLSA PAYMENT

### 8. How can I get my payment? Rule 23 Class Claim and FLSA Payment Procedures.

If you do nothing now, and if the Court approves the settlement agreement following the Fairness hearing, you will be sent a Claim Form to complete so that you can participate in the Rule 23 class settlement. You will need to complete and return the Claim Form for your share of the Rule 23 class claim settlement monies. If you want to exclude yourself see Paragraph 10 below. If you do nothing now, and the Court approves the settlement agreement, once that agreement becomes effective, you will automatically be sent your share of the FLSA settlement monies, if eligible, based on the formula described above.

You will not need to complete any forms to receive your share of the FLSA settlement monies. However, if you are a former Tyson employee, a **W-4 form is enclosed with this notice. Please complete it and return it to the Settlement Administrator by September 30, 2014 at the address listed in paragraph 10 below. If you are a former employee and do not return the W-4 form, the Settlement Administrator will use the standard IRS Deduction for any settlement payments (0 exemptions) to which you are entitled.**

### 9. What am I giving up to get a payment or stay in the Class?

If the Court grants final approval of the Rule 23 class claim settlement and the FLSA settlement, these claims will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Defendants through the date that the settlement becomes effective from all wage and hour claims asserted, or which could have been asserted, in the Complaint. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendants regarding

---

[1] If you were a plaintiff in *Jordan v. IBP*, the earliest date of your claim in this case is 9/26/2008. If you were an hourly worker paid pursuant to a pay system other than the Alternative Time and Attendance System, you have no claim for damages during that period of time. These workers include product inspectors, certain load out workers, QA, and Quality Control.

QUESTIONS? CONTACT THE HEFFLER GROUP BY PHONE AT 1-844-245-3773

the claims brought in this case.

The FLSA Opt-in claim Release in the Settlement Agreement provides that:

> Any FLSA Opt-In Plaintiff listed in Exhibit 1 to the Settlement Agreement, who does not opt out of the state-law class action case and Settlement Agreement, for themselves and their families, attorneys, heirs, agents, executors, administrators, personal representatives, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"), voluntarily and with the benefit of counsel and fully and forever releases and discharges defendants, their present and former officers, directors, subsidiaries, affiliates, agents, partners, employees, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from any and all FLSA and Tennessee state-law wage-and-hour-related claims – including breach of contract or violation of state law or regulation for unpaid compensation – and any other wage-and-hour-related claims of any kind related to the claims asserted in this action, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasers, or any of them, may assert anywhere in the world against the Releasees, or any of them, arising through the date on which the Agreement is approved by the Court for the time period that Plaintiffs worked and were paid pursuant to the Defendants' Alternative Time and Attendance System.

## EXCLUDING YOURSELF FROM THE RULE 23 STATE-LAW CASE

**10. How do I exclude myself from the settlement?**

If you do not want a payment from the Rule 23 class settlement, but you want to keep the right to sue or continue to sue Defendants, on your own about the legal issues related to the Rule 23 class claims, then you must take steps to exclude yourself from this case. If you intend to exclude yourself, you must mail a written, signed statement to the Settlement Administrator stating "I opt out of the wage and hour breach of contract case and settlement" and include your name, address, telephone number(s), personnel number, social security number and reference number listed at the top of this notice ("Opt-out Statement"). To be effective, the Opt-out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid and postmarked by the Opt-out Deadline of_____ 2014 (30 Days from mailing) to: _____.

**SETTLEMENT ADMINISTRATION MAILING INFORMATION**

This Agreement also provides that if enough people exclude themselves from the Agreement, Tyson has the right to cancel the Agreement.

**11. If I do not exclude myself from the Rule 23 state-law case and class claim settlement can I sue Tyson for the same thing later?**

No. Unless you exclude yourself, you give up any state law wage and hour claims, including the breach of contract rights you may have to sue Tyson for the same claims in this case. If you have a pending lawsuit other than this one, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____.

QUESTIONS? CONTACT THE HEFFLER GROUP BY PHONE AT 1-844-245-3773

### 12. If I exclude myself can I get money from the Rule 23 state-law class claim settlement?

No. If you exclude yourself, you will not receive any money from the Rule 23 Class claim portion of this settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Tyson regarding these same claims.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has decided that the lawyers at the law firm of Woodley & McGillivary and the Yezbak Law Offices are qualified to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will apply to the Court for attorneys' fees in the amount of $2,583,333.33 (33 1/3% of the Gross Settlement Amount). These fees would compensate Class Counsel for investigating the facts, litigating the case, preparing numerous motions, preparing for trial, and negotiating the settlement. Class Counsel will also ask the Court to approve payment for their out of pocket expenses in the amount of $226,403.71. The cost of the Settlement Administrator in an amount not to exceed $145,000.00 will also come from the settlement fund. The court may award less or more than these amounts. Tyson has agreed not to oppose these fees and expenses.

Class Counsel will also ask the Court to approve payments of $98,000.00 in total as service awards to the Class Representatives and other plaintiffs who actively participated in this lawsuit in recognition of the risks they took and their service to the Class. This amount includes payments of $10,000.00 to be awarded to each of the seven participating Class Representatives (totaling $70,000.00); $500 to be awarded to each of the 16 Plaintiffs who were deposed by the Defendants (totaling $8,000.00); and $1,000 to be awarded to each of the 20 Plaintiffs who agreed to testify at trial, and who participated in extensive trial preparation sessions with counsel (totaling $20,000.00).

## OBJECTING TO THE SETTLEMENT

### 15. How do I tell the Court that I don't like the settlement?

Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Settlement Administrator via First Class United States Mail at the address listed in paragraph 10 above, postage prepaid and postmarked by the Opt-Out/Objection Deadline of _____. The statement must include all reasons for the objection. Any reasons not included in the statement will not be considered. The statement must also include your name, address, telephone number, personnel number, social security number, and reference number, as listed above. If you file an objection, you have the right to appear at the Fairness Hearing either in person or through counsel hired by you. If you intend to appear, you must state your intention to do so in writing on your written objections at the time that you submit your written objections. An Objector may withdraw his or her objections at any time. No Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objections. A Class Member who has submitted an Opt-out Statement may not object to the Rule 23 class claim.

| **16. What's the difference between objecting and excluding yourself from the Rule 23 state-law class and claim settlement?** |
|---|

Objecting is simply telling the Court that you don't like something about the Rule 23 Class Claim. You can only object to the Rule 23 class claim if you stay in the Rule 23 Class. If you exclude yourself from the Rule 23 state-law class and claim settlement, you may not object. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

| **17. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court will hold a Fairness Hearing on_____ at the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, Tennessee, in Courtroom_____ . At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| **18. Do I have to come to the hearing?** |
|---|

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| **19. May I speak at the hearing?** |
|---|

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. You must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 16, above. Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

| **20. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to the Settlement Administrator at the address set forth in paragraph 10 above. If you have questions about the settlement agreement, you can contact the Settlement Administrator at the phone number or address in this notice.

DATED:    [Insert Date of Mailing], 2014