# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Abadeer, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action: 3-09-00125 |
| v. ) | Judge Sharp |
| ) | Magistrate Judge Bryant |
| Tyson Foods Inc. and Tyson Fresh Meats, Inc. ) | |
| ) | JURY DEMAND |
| Defendant. ) | |
| ) | |

## **DECLARATION OF MOLLY A. ELKIN**

I, Molly A. Elkin, do hereby declare under penalty of perjury, that the following representations contained in this Declaration are true and correct to the best of my personal knowledge:

1. I am a partner in the law firm of Woodley & McGillivary. I serve as lead counsel for the plaintiffs in this action.

2. Settlement negotiations in this matter have been lengthy, principled, and were conducted at arms length.

3. Settlement discussions between the parties began in January 2014, and continued with numerous counter-offers made, and the parties reached an agreement only after the parties enlisted the assistance of a neutral facilitator.

4. The parties' negotiations were principled, with each side basing their offers and counter-offers on Tyson's own pay and punch data, the parties' respective assessments of the Court's rulings on numerous issues to date, the expected representative testimony regarding the pre-shift, mid-shift, and post-shift work at issue, and the parties' individual assessment of litigation risks.

5. In mid-June, the parties agreed to a June 30, 2014, facilitation with Bob Boston – an experienced mediator and partner in the Nashville firm of Waller Lansden – serving as the neutral facilitator.

6. Both parties attended facilitation with clients authorized to approve a settlement agreement. Class Representatives Marcia Williamson, Welai Smith, Aracelli Villalta, and Linda Ellis participated on behalf of the plaintiffs. Tyson Vice President and Associate General Counsel Paul Kirchner participated on behalf of the defendants. After nearly 10 hours of facilitation, the parties adjourned without a settlement agreement, but decided that Mr. Boston would continue to facilitate the settlement discussions.

7. After several additional conversations regarding the settlement amount and the terms at issue, the parties agreed to settle the claims during a July 3, 2014 conference call facilitated by Mr. Boston for $7,750,000.00 and the terms outlined in the attached proposed settlement agreement.

8. Before participating in the July 3, 2014 call, plaintiffs' counsel obtained the consent and approval of all seven participating Class Representatives, including the four who attended facilitation. Mr. Kirchner participated in the July 3, 2014 conference call and consented on behalf of Tyson.

9. In preparation for both trial and settlement discussions, plaintiffs performed detailed calculations of damages under various litigation scenarios.

10. Class counsel has weighed the respective risks to proceeding with litigation, and has extensively analyzed the defendants' potential liability based on thorough damages calculations prepared by Woodley & McGillivary Litigation Director Keith Nickerson using the defendants' Pay and Punch Data. Based on these calculations,

2

the Court's Order excluding plaintiffs from presenting evidence of state law damages for hours of work in excess of 40 hours in a workweek (DE 373, ¶ 8) resulted in a nearly 60% reduction in the plaintiffs' possible recovery on the state law claim.

11. Class counsel met with and discussed these risks and the defendants' potential liability with the Class Representatives and asked the representatives to consider whether settlement was in the best interest of the class. Each Class Representative was specifically asked to consider that the continued litigation could result in the class receiving a greater monetary judgment or lesser monetary judgment after trial and appeal, and each Class Representative determined that certainty of settlement outweigh the risks and costs of going forward.

12. Taking into consideration risk of decertification, litigation risk at trial and on appeal, the novel nature of plaintiffs' state law claim, the Court's order excluding plaintiffs from presenting evidence of state law damages for hours of work in excess of 40 hours in a workweek, the uncertainty regarding the rate of pre-judgment interest on the state law claim, and, conversely, the settled nature of the FLSA pre-shift and post-shift claims, the award of liquidated damages and a three year recovery period on the FLSA claims, as well as the tolling awards on the FLSA claims, $3,495,695.23 of the Net Settlement Fund will be allocated to the FLSA claim and $1,201,567.73 of the Net Settlement Fund will be allocated to the state law claim.

13. The seven Class Representatives approved the distribution formula described in Paragraph 12 above.

14. The Class Representatives also agreed to pay 33 and 1/3 percent in fees when they retained Woodley & McGillivary to represent them and the opt-in plaintiffs

3

agreed to be bound by the agreements entered into by the Class Representatives. The Class Representatives agreed to the fee of $2,583,333.33 and $226,403.71 expenses during settlement and defendants do not object to these amounts.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my personal knowledge.

Dated: July 17, 2014 /s/ Molly A. Elkin
Molly A. Elkin